## SAMUEL D. PARKER *versus* JAMES DENNIE.                227

An officer having a joint execution against two whose several property he attached
on the original writ, is not bound to levy equally, so far as may be practicable, on
the property of each, but may levy on any of the property attached, without regard
to a second attachment made by him at the suit of a creditor of one of the same
defendants.
Where an officer unlawfully refuses to levy an execution upon money in his hands,
the remedy is an action on the case, and not assumpsit for money had and re-
ceived.

ASSUMPSIT for money had and received.
At the trial, before *Wilde* J., it appeared, that on the 16th
of July, 1824, the defendant, as a deputy sheriff, by virtue of
an original writ in the suit of Livermore and another against
Herschell, Joseph and Myers, attached certain property be-
longing to Myers, and caused it to be sold by public auction,

Parker
v.
Dennie.

according to *St.* 1822, *c.* 93, and the net proceeds, amounting to 454 dollars, 26 cents, were held by him subject to the attachment. On the 19th of July he attached on the same writ a quantity of jewelry belonging to Joseph. On the same 16th of July the defendant again attached the property of Myers upon a writ in favor of J. T. Austin against Myers. On the 27th of December, 1824, he attached the same property of Myers and Joseph upon a writ in favor of Hickes & Arnold against Herschell, Joseph and Myers. On the 12th of March, 1825, he attached the same property of Joseph on a writ in favor of the plaintiff against Joseph. Livermore *et al.* recovered a judgment and took out execution against Herschell, Joseph and Myers for 1008 dollars, 39 cents, and on the 29th of March, 1825, the defendant, by order of the judgment creditors, levied the execution on the property attached belonging to Joseph, the net proceeds of which fell short of satisfying the execution by the sum of 335 dollars, 59 cents ; and on the 3d of April he levied for this sum, upon the net proceeds of the property of Myers held by him under attachment. At April term 1825 of C. C. P., Austin recovered a judgment against Myers for 52 dollars, 26 cents, and his execution for that sum was delivered to the defendant and satisfied. In the action of Hickes & Arnold a judgment was recovered at July term 1825 of C. C. P. for 220 dollars, 84 cents, against Myers only, and the residue of the proceeds of his property was applied by the defendant in part satisfaction of their execution. The plaintiff recovered a judgment against Joseph at October term 1825 of C. C. P. for 113 dollars, 45 cents, and delivered his execution to the defendant ; which he returned in no part satisfied, stating the reason, that all the property attached on the original writ had been applied to the payment of the execution of Livermore *et al.*, their attachment being prior to the plaintiff's.

The plaintiff took an exception to the two executions in favor of Austin and Hickes & Arnold, and to the defendant's return upon them respectively, and contended that it did not appear that the defendant levied on the property of Myers within thirty days after the rendition of judgment, the return in each case being dated on the day on which the execution was

returnable, *viz.* that upon Austin's execution being dated July 5, 1825, and that upon Hickes & Arnold's, October 4, 1825 ; the defendant beginning his return in each case with the words, " by virtue of this execution *I have applied* the net proceeds," &c. and concluding with the words, " and so *I return* the same," &c.

Parker
*v.*
Dennie.

If these exceptions should be deemed material, or as having any bearing upon the question to be decided, the defendant was to be considered as having moved at the trial for leave to amend his returns.    The defendant was likewise to have liberty to make any exception to the form of the action.

Upon the foregoing facts a nonsuit was ordered by consent, subject to the opinion of the whole Court.

*Davis* (Sol. Gen.), for the plaintiff, cited, in regard to the manner in which the property should have been applied on the executions, *St.* 1804, *c.* 83, § 6, and *Dennie* v. *Hamilton,* 16 Mass. R. 405 ; — and as to amending the return, *Williams* v. *Brackett,* 8 Mass. R. 240.

*March* 20*th.*

*Morey, contrà,* cited on the first point *Herring* v. *Polley,* 8 Mass. R. 120 ; *Bellows* v. *Lovell,* 4 Pick. 155 ; *Harring ton* v. *Ward,* 9 Mass. R. 251 ; — and to the point, that if the plaintiff was aggrieved, his action should have been in *case,* and not *assumpsit* for money had and received, 1 Chit. Pl. 137, 140 ; 2 Chit. Pl. 304 ; 3 Stark. Ev. 1350 ; 1 Backus's Sheriff, 288, 289.

229

MORTON J. delivered the opinion of the Court.    [After stating the case.]    Upon these facts the plaintiff contends, that the defendant, having a joint execution against Herschell, Joseph and Myers, was bound by law to levy it, so far as practicable, equally upon the property of each ; which would have left in his hands a balance of Joseph's property sufficient to satisfy the plaintiff's execution.

*June* 21*st*

In a judgment against several where the joint property of the debtors, whether copartners or joint tenants, has been attached, as well as their several property, it would be the duty of the officer to levy upon the joint property, before he would have a right to take the several property of either to the prejudice of other attaching creditors.    But in this case no joint property was attached, and the offi-

cer was bound to satisfy the execution by the several property which he had attached. Was he bound to marshal the assets in his hands with reference to subsequent attachments, or had he a legal right, either by the direction of the judgment creditor or according to his own discretion, to levy the execution upon the property of either of the debtors?

The judgment was several as well as joint, and the execution ran against each for the whole debt, as well as against all of them.[1] Had there been no subsequent attachment, it cannot be doubted that the officer would have been justified in satisfying the debt from the property of either, as would be most convenient to himself or the judgment creditor, leaving the debtors to settle between themselves the proportion which each ought to contribute. Can the rights of the attaching creditor, or the duty of the officer, be affected by subsequent attachments?

The plaintiff contends, that the officer, being conusant of the after attachment, is bound to levy the execution upon the property of the debtors as nearly as practicable in equal parts; but we are clearly of opinion that such is not the legal duty of the officer. He is to look to the face of his precept for his authority, and if it is not void, it will fully justify him in following its directions. He is not required to look beyond it, nor in any case to inquire into its origin.

It is true that in a joint judgment the legal presumption is, that the debtors owe the amount in equal parts. But should the officer look behind the judgment, he would oftentimes find, that, as between the debtors, equity would require that they should pay in unequal proportions, or that one should pay the whole, the one perhaps being merely a surety for the other. It would in many, if not in most cases, be inconvenient both to debtors and creditors, to require the officer, on the original writ, to make attachments of the property of all the debtors, when the debt might as well be secured by an attachment of the property of one of them, and even more inconvenient to require him on

---

[1] See Collyer on Partn. 472, 473.

execution to make apportionment among several debtors and to sell several small parcels, where the debt might as well be satisfied by a single sale of sufficient property of one.

The same rule would require, where an equity of redemption was attached which could not be sold in parts, that the officer having sold it for enough to satisfy the whole debt, should seize and sell other property of the debtors, that a portion of the proceeds of the sale of the equity might be retained for subsequent attaching creditors or restored to the debtor.

The same principle, if well founded, must be applied to attachments of real estate, and would deprive the creditor of an election as to the estate to be levied upon, and compel him to accept several separate parcels instead of one. This would be inconsistent with the rights of the creditors, and by the increased expense impose an unjust burden upon the debtors.

The principle will appear still more objectionable when applied to cases which not unfrequently occur, where real estate of one debtor and personal estate of another, are attached. The creditor would be compelled to levy upon the real estate of one and to seize the chattels of another, and thus be deprived of an option as to the manner of levying his execution, and as to the property upon which it is to be extended.

We think these considerations show very clearly, that the principle upon which the plaintiff relies would be inconvenient in practice, inconsistent with the rights of the first attaching creditor, would be a restriction upon the authority of the officer irreconcilable with the express declaration of his precept, and not required by any provisions of law.

We are therefore of opinion, that the defendant, in applying the proceeds of the sale of the property of Joseph to the satisfaction of the first execution, whether acting by the direction of the creditor or from his own discretion, kept within the pale of his official duty.

Having seen that the defendant rightfully applied the property of Joseph to the payment of the first execution, it is immaterial to the plaintiff what disposition was made of Myers's property. The plaintiff had no lien on it, and whether Aus-

Parker
*v.*
Dennie.

tin's attachment was or was not dissolved, it is not necessary in this case to inquire. It may however be remarked, that at the time when the first execution was satisfied, the officer had no reason to suppose that any of the attachments would be dissolved by the negligence of the creditors or in any other way.

The form of the action was also objected to. The view which we have taken of the merits of this case renders it unnecessary to decide this question. But it will not be improper to state, that we think the action is misconceived. It is founded in tort and not in assumpsit. The gravamen of the plaintiff's complaint is, not that the defendant has got into his hands money which belongs to the plaintiff, but that he has wrongfully applied property in his hands to the satisfaction of another execution, which he ought to have applied to the plaintiff's. It is not a case in which the tort can be waived and assumpsit maintained. Had the defendant by a tortious act got into his hands money which in equity and good conscience belonged to the plaintiff, he might on this principle have maintained this action. But the very wrong complained of is the disposal of money which he ought to have retained in his hands.

The motion to set aside the nonsuit is overruled.